STATE OF CONNECTICUT *v.* JOSEPH RAYMOND
(10968)

O'CONNELL, FOTI and CRETELLA, Js.

Argued January 11—decision released March 16, 1993

---

*Leon M. Kaatz,* for the appellant (defendant).

*Rita M. Shair,* assistant state's attorney, and *John P. McKinney,* certified legal intern, with whom were *John M. Bailey,* state's attorney, and, on the brief, *Edward Wilson,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from his conviction, after a jury trial, of attempted assault in the first degree in violation of General Statutes §§ 53a-49 (a) (1) and 53a-59 (a) (2).[1] He does not challenge his conviction resulting from the same trial of burglary in the second degree in violation of General Statutes § 53a-102 (a), larceny in the second degree in violation of General Statutes § 53a-123 (a) (2) and assault of a peace officer in violation of General Statutes § 53a-167c (a) (1).[2] The defendant claims that he

---

[1] General Statutes § 53a-49 (a) provides in pertinent part: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be . . . ."

General Statues § 53a-59 (a) provides in pertinent part: "A person is guilty of assault in the first degree when . . . (2) with intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person . . . ."

[2] General Statutes § 53a-167c (a) provides in pertinent part: "A person is guilty of assault of a peace officer . . . when, with intent to prevent

was punished twice for the same offense in violation of his fifth amendment protection against double jeopardy. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On August 2, 1990, two Manchester police detectives advised the defendant that they were placing him under arrest on a burglary charge. As the detectives began to handcuff him, he broke free, pushed one of the detectives off balance and jumped on the other, causing him to fall to the floor. The altercation continued and, before the detectives were able to subdue the defendant, he had briefly choked one of them and had thrust his finger into the eye socket of the other apparently in an attempt to gouge out his eye. As a result of the confrontation, the detective's eye became "blood-red" and he was transported to the hospital for emergency care and treatment.

The defendant was charged by way of a six count information and convicted on four of the counts. After the jury returned the guilty verdicts, the defendant moved for a judgment of acquittal on the count charging him with attempted assault in the first degree. He claimed that his conviction on that count in conjunction with his conviction on the count charging him with assault of a peace officer violated his fifth amendment protection against double jeopardy. The motion was denied and the defendant appealed.

The double jeopardy clause of the fifth amendment to the United States constitution provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ." The fifth amendment thus prohibits multiple punishments for the same offense in the same trial (simultaneous double jeop-

a reasonably identifiable peace officer . . . from performing his duty, and while such peace officer . . . is acting in performance of his duties, (1) he causes physical injury to such peace officer . . . ."

ardy), as well as in multiple trials (sequential double jeopardy). *State* v. *Anderson,* 212 Conn. 31, 35, 561 A.2d 897 (1989); see also *Brown* v. *Ohio,* 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977).[3] The defendant's claim implicates the prohibition against multiple punishments for the same offense. See *State* v. *Russell,* 25 Conn. App. 243, 250, 594 A.2d 1000, cert. denied, 220 Conn. 911, 597 A.2d 338 (1991). To prevail on this claim, the defendant bears the burden of demonstrating (1) that the charges arise out of the same act or transaction and (2) that the crimes are the same offense. *State* v. *Palmer,* 206 Conn. 40, 52, 536 A.2d 936 (1988). Both conditions must be met. Id. Because there is no dispute in this case that the charges arose out of the same transaction, the sole issue is whether the crimes are the same offense.

To determine whether the crimes are the same offense, we employ the test articulated in *Blockburger* v. *United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932), wherein the emphasis is placed on the elements of the crimes; *State* v. *Goldson,* 178 Conn. 422, 424, 423 A.2d 114 (1979); and the essential inquiry is "whether each [statutory] provision requires proof of a fact the other does not . . . ." *Blockburger* v. *United States,* supra. In our evaluation, we look to the statutes, the information and any bill of particulars, but not to the evidence presented at trial. *State* v. *Tweedy,* 219 Conn. 489, 495, 594 A.2d 906 (1991). The *Blockburger* test is a rule of statutory construction and

[3] The prohibition against double jeopardy was made applicable to the states through the due process clause of the fourteenth amendment. *Benton* v. *Maryland,* 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969). In addition, even though our state constitution does not contain a similar clause, its due process clause and personal liberty guarantees, article first, §§ 8 and 9, have been held to encompass the double jeopardy prohibition. See *State* v. *Lonergan,* 16 Conn. App. 358, 363–64, 548 A.2d 718 (1988), aff'd, 213 Conn. 74, 566 A.2d 677 (1989), cert. denied, 496 U.S. 905, 110 S. Ct. 2586, 110 L. Ed. 2d 267 (1990).

may be rebutted by a showing of clear legislative intent that the two statutes are to be treated as one for double jeopardy purposes. *State* v. *Lytell,* 206 Conn. 657, 665–66, 539 A.2d 133 (1988); *State* v. *Blackwell,* 20 Conn. App. 193, 197, 565 A.2d 549, cert. denied, 213 Conn. 810, 568 A.2d 794 (1989).

In the present case, the defendant concedes that the two statutes each require proof of an element that the other crime does not.[4] Moreover, the defendant has made no showing that the legislature intended the two crimes to be treated as one. The defendant contends, however, that even though the two crimes as described by statute are separate offenses, they are not separate offenses as charged by the long form information in the present case.[5] He argues that on the basis of the

[4] The elements of assault on a peace officer, General Statutes § 53a-167c (a) (1) are: (1) intent to prevent a reasonably identifiable peace officer from performing his duties; (2) the infliction of physical injury to the peace officer; and (3) the victim must be a peace officer. *State* v. *Kelly,* 23 Conn. App. 160, 172–74, 580 A.2d 520, cert. denied, 216 Conn. 831, 583 A.2d 130 (1990), cert. denied, 499 U.S. 981, 111 S. Ct. 1635, 113 L. Ed. 2d 731 (1991).

The elements of attempted assault in the first degree, General Statutes §§ 53a-49 (a) (1) and 53a-59 (a) (2) are: (1) intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body; see *State* v. *Miller,* 202 Conn. 463, 488–89, 522 A.2d 249 (1987); and (2) conduct intentionally engaged in that would have caused such injury if attendant circumstances were as the defendant believed them to be.

[5] The third count of the long form information stated: "In the Third Count accuses Joseph Raymond of Assaulting a Police Officer and charges that on August 2, 1990, at about 5 p.m. at 791 Main Street in Manchester, Connecticut, Joseph Raymond, with intent to prevent a reasonably identifiable police officer, Michael Morrissey, from performing his duty, the arrest of Joseph Raymond, and while Michael Morrissey was acting in the performance of that duty, caused physical injury, impairment of physical condition or pain to Michael Morrissey by applying physical force, in violation of Connecticut General Statutes Section 53a-167c (a) (1)."

The fourth count of the long form information stated: "In the Fourth Count accuses Joseph Raymond of Attempt to Commit Assault in the First Degree and charges that on August 2, 1990, at about 5 p.m. at 791 Main Street in Manchester, Connecticut, Joseph Raymond, acting with the kind of mental

allegations of the information the offense of attempted assault in the first degree is in this particular case a lesser included offense of assault of a peace officer.

For double jeopardy purposes, a lesser included offense and the greater offense are considered to be one offense. *State* v. *Goldson,* supra, 425. "The test for determining whether one violation is a lesser included offense in another violation is whether it is possible to commit the greater offense, in the manner described in the information . . . without having first committed the lesser." (Internal quotation marks omitted.) Id., 426; *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980). The defendant argues that he could not commit the offense of assault of a peace officer without committing the offense of attempted assault in the first degree because the conduct and intent of both crimes as alleged in the information are identical.

The plain language of the information demonstrates the lack of merit in this claim. The third count of the information alleges that the defendant acted with the intent to prevent a reasonably identifiable police officer from performing his duty. The fourth count alleges that the defendant acted with the intent to disable the eye of the detective permanently. Both counts refer to the detective who sustained the eye injury. Notwithstanding the defendant's suggestion that the two intents are really "subintents" of the overarching intent to avoid being taken into custody and are, therefore, the same intent, we are satisfied that the infor-

state required for the commission of Assault in the First Degree, the intent to disable permanently an organ, one of Michael Morrissey's eyes, intentionally engaged in conduct which would constitute Assault in the First Degree if attendant circumstances were as he believed them to be, that he was physically capable of overpowering Michael Morrissey and gouging out his eye, trying to gouge out Michael Morrissey's eye with his hand and fingers, in Violation of Connecticut General Statutes Section 53a-49 (a) (1)/53a-59 (a) (2)."

mation alleges two different intents.[6] Because the intent elements are different, the two offenses are not the same offense for purposes of the fifth amendment.

The defendant also claims that the conduct elements of the two offenses are identical. We do not reach this claim because our resolution of the intent issue is dispositive of the appeal.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] We note that it is not legally inconsistent for a jury to find that a defendant has acted with two different mental states in the same transaction as long as the different mental states relate to different results. See *State* v. *Flynn,* 14 Conn. App. 10, 27, 539 A.2d 1005, cert. denied, 488 U.S. 891, 109 S. Ct. 226, 102 L. Ed. 2d 217 (1988).