STATE OF CONNECTICUT *v.* SAMUEL BARRETTO
(AC 18528)

Mihalakos, Zarella and Pellegrino, Js.

Argued May 9—officially released August 29, 2000

*Stephen F. Cashman*, special public defender, for the appellant (defendant).

*Marjorie Allen Dauster*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Michael Gailor*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. This is an appeal by the defendant, Samuel Barretto, from the judgment of conviction, rendered after a jury trial, of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2),[1] one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A)[2] and three counts of risk of injury to a child in violation of General Statutes § 53-21.[3] The sole issue on appeal is whether the trial court abused its discretion when it granted the state's motion to amend the information to change the time when the offenses occurred,

[1] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

[2] General Statutes § 53a-73a (a) provides in relevant part: "A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age . . . ."

[3] General Statutes (Rev. to 1993) § 53-21 provides in relevant part: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered . . . or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

thereby denying the defendant a fair trial. We affirm the judgment of the trial court.

"The trial court may permit the state, after the start of the trial, to file an amended information to conform to the evidence." *State* v. *Adams*, 38 Conn. App. 643, 649, 662 A.2d 1327, cert. denied, 235 Conn. 908, 665 A.2d 902 (1995). "The defendant must provide a specific showing of prejudice resulting from the state's delay in providing notice of the charge against which [he] must defend." *State* v. *Mazzetta*, 21 Conn. App. 431, 438, 574 A.2d 806, cert. denied, 216 Conn. 807, 580 A.2d 64 (1990). "The order of the trial court allowing the filing of such an amendment to conform to the evidence is generally within its sound discretion . . . and thus subject to review only upon circumstances indicating an abuse of that discretion." (Citations omitted.) *State* v. *Ramos*, 176 Conn. 275, 276, 407 A.2d 952 (1978).

We conclude that the court did not abuse its discretion in granting the state's motion to amend the information to change the time when the offenses occurred and that the defendant was not prejudiced by the court's decision.

The judgment is affirmed.