# STATE OF CONNECTICUT *v.* CLARENCE E. PHILLIPS, JR.
## (AC 20843)

Mihalakos, Dranginis and Daly, Js.

Argued September 27, 2001—officially released January 1, 2002

*Jerald S. Barber*, for the appellant (defendant).

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Adam Scott*, assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Clarence E. Phillips, Jr., appeals from the judgment of conviction, rendered after a conditional plea of nolo contendere, of two counts of attempt to commit assault of a peace officer in violation of General Statutes § 53a-49 (a) (2) and General Statutes (Rev. to 1997) § 53a-167c (a) (1), and of one count of engaging police in pursuit in violation of General Statutes § 14-223 (b). On appeal, the defendant claims that the trial court abused its discretion when it permitted the state to file a substitute information, after the commencement of jury selection, alleging an attempt to commit the substantive offenses with which the defendant was previously charged. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In a nine count information dated December 7, 1998, the state charged the defendant with, inter alia, two counts of assault of a peace officer in violation of § 53a-167c.[1] On August 5, 1999, the state filed a ten count substitute information again charging

---

[1] General Statutes (Rev. to 1997) § 53a-167c (a) provides in relevant part: "A person is guilty of assault of a peace officer . . . when, with intent to prevent a reasonably identifiable peace officer . . . from performing his duty, and while such peace officer . . . is acting in the performance of his duties, (1) he causes physical injury to such peace officer . . . or (2) he throws or hurls, or causes to be thrown or hurled, any rock, bottle, can or other article, object or missile of any kind capable of causing physical harm, damage or injury, at such peace officer . . . ."

the defendant with, inter alia, two counts of assault of a peace officer in violation of § 53a-167c.

On May 2, 2000, prior to the commencement of jury selection, the defendant orally moved for a bill of particulars or long form information, which the court granted. Thereafter, jury selection commenced. In its preliminary charge to the venire panel, the court summarized the charges as including two counts of assault of a peace officer in violation of § 53a-167c.

On May 5, 2000, the state filed its first substitute long form information,[2] charging nine counts[3] that included, inter alia, two counts of assault of a peace officer in violation of § 53a-167c (a) (2). Specifically, the state alleged that the defendant, "acting with intent to prevent a reasonably identifiable peace officer, William Proulx, from performing his duty . . . caused to be hurled an object, to wit, a motor vehicle, capable of causing physical harm, damage or injury, at such peace officer . . . ." The same allegations against the defendant were made with regard to Officer Tracy O'Connell. Later that day, the state filed a second substitute long form information that was the same as the prior substitute information except that it changed the first two counts from assault of a peace officer in violation of § 53a-167c (a) (2), to attempt to commit assault of a peace officer in violation of §§ 53a-49 (a) (2)[4] and 53a-

[2] The substitute information filed on the morning of May 5, 2000, was in fact the second substitute information filed in this case. Because, however, it was the first substitute long form information that was filed and because the parties refer to it in their appellate briefs as the "first" substitute information, we will refer to it as such.

[3] At the time, the state noted that it would file a nine count information, leaving the count charging the defendant with operation of a motor vehicle without minimum insurance to be tried to the court after the jury trial.

[4] General Statutes § 53a-49 (a) provides in relevant part: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

167c (a) (1). The information alleged that the defendant, "acting with intent to prevent a reasonably identifiable officer, William Proulx, from performing his duty, attempted to cause physical injury to Officer Proulx . . . ." Again, the same allegation against the defendant was made with regard to O'Connell.

On May 9, 2000, defense counsel filed a motion in opposition to the state's request to file a second substitute information, which the court denied. Thereafter, the defendant pleaded nolo contendere to two counts of attempt to commit assault of a peace officer in violation of §§ 53a-49 (a) (2) and 53a-167c (a) (1), and to one count of engaging police in pursuit in violation of § 14-223 (b). The defendant conditioned his plea on his right to appeal from the trial court's decision granting the state's request to file a second substitute information.[5] The court sentenced the defendant to a total effective term of three and one half years incarceration concurrent to the sentence he was then serving. This appeal followed.

I

The defendant claims that the court improperly permitted the state to file a second long form information in violation of Practice Book § 36-18.[6] He argues that the second substitute information charged an "additional or different" offense from the one charged in the first substitute information because the intent elements of

---

[5] Although the defendant asserts that he is appealing from the decision of the court overruling his motion in opposition to the state's request to file a second substitute information, for clarity, we refer to the defendant's appeal as an appeal from the decision of the court granting the state's request to file a second substitute information.

[6] Practice Book § 36-18 provides: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. An amendment may charge an additional or different offense with the express consent of the defendant."

each charge were different. First, we will determine whether the second substitute information charged an "additional or different" offense and second, whether the defendant's substantive rights were prejudiced by the amendment.

"Before the commencement of trial, a prosecutor has broad authority to amend an information under Practice Book § 623 [now § 36-17]. Once the trial has started, however, the prosecutor is constrained by the provisions of Practice Book § 624 [now § 36-18]." *State* v. *Tanzella*, 226 Conn. 601, 607, 628 A.2d 973 (1993). This court has held that "for purposes of Practice Book §§ 623 [now § 36-17] and 624 [now § 36-18], a criminal trial begins with the voir dire of the prospective jurors." *State* v. *Cole*, 8 Conn. App. 545, 551–52, 513 A.2d 752 (1986). The second substitute information in the present case was filed after the commencement of jury selection. Thus, Practice Book § 36-18 governs the state's ability to amend the information in the present case.

Under Practice Book § 36-18, the court may "for good cause shown[7] . . . permit the prosecuting authority to amend the information at any time before a verdict or finding . . . ." Practice Book § 36-18. "The sole limiting requirement under [Practice Book] § 624 [now § 36-18], is that no additional or different offense may be charged in an amendment, and no substantive rights of the defendant may be prejudiced by an amendment. . . . It is within the trial court's discretion to allow an amendment to the information. On appeal, review of the trial

[7] Although the trial court record does not contain an explicit finding of good cause for the amendment, we note that defense counsel did not object to the amendment on that ground. His argument focused on the two other restrictions under Practice Book § 36-18 against charging an "additional or different" offense and prejudicing the defendant's substantive rights. In this case, we conclude that the existence of good cause is implicit in the court's decision to allow the second substitute information. See *State* v. *McKnight*, 191 Conn. 564, 588, 469 A.2d 397 (1983).

court's decision to permit an amendment to the information is one of abuse of discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Prat*, 66 Conn. App. 91, 98–99, 784 A.2d 367 (2001). Accordingly, our review of the court's decision to permit the state to file a second substitute information after the commencement of trial is governed by an abuse of discretion standard.

The second substitute information made two changes to the charges against the defendant. It charged a different subdivision of the assault of a peace officer statute and it charged an attempt to commit the offense rather than the completed offense. The defendant relies on *State* v. *Raymond*, 30 Conn. App. 606, 621 A.2d 755 (1993), for the proposition that the charges of assault of a peace officer and attempt to commit assault of a peace officer are different offenses. *Raymond*, however, is distinguishable from the present case because the offenses in *Raymond* are not the same as those at issue in the present appeal.[8] Additionally, *Raymond* dealt with the comparison of offenses for the purpose of a double jeopardy analysis. "Although we compare elements to determine if offenses are the same for purposes of double jeopardy . . . such an analysis is inappropriate here. For purposes of [Practice Book] § 624 [now § 36-18], the decisive question is whether the defendant was informed of the charges with sufficient precision to be able to prepare an adequate defense." (Citation omitted.) *State* v. *Tanzella*, supra, 226 Conn. 608. This includes whether the defendant has sufficient notice of the accusations against him to question jurors effectively. Id.

---

[8] The statutes at issue in *State* v. *Raymond*, supra, 30 Conn. App. 606, were § 53a-167c (a) (1), assault of a peace officer, and General Statutes §§ 53a-49 (a) (1) and 53a-59 (a) (2), attempt to commit assault in the first degree. The statutes involved in the present case, however, are § 53a-167c (a) (2), assault of a peace officer, and §§ 53a-49 (a) (2) and 53a-167c (a) (1), attempt to commit assault of a peace officer.

In the present case, the short form information, in effect at the commencement of the voir dire, charged the defendant with the substantive offense of assault of a peace officer pursuant to § 53a-167c. General Statutes § 54-60 provides in relevant part: "Whenever any . . . information or complaint is pending before any court, a conviction may be had for any offense sufficiently alleged therein . . . ." Because that information did not specify a particular subdivision of § 53a-167c (a), it provided the defendant with notice that he could be convicted, pursuant to § 54-60, under any of the subdivisions of § 53a-167c (a).

Additionally, under "Practice Book § 867 [now § 42-29][9] and General Statutes § 54-60[10] . . . a criminal defendant can be convicted of either the crime charged in the information or of the attempt to commit that crime." *State* v. *March*, 39 Conn. App. 267, 271, 664 A.2d 1157, cert. denied, 235 Conn. 930, 667 A.2d 801 (1995). Neither § 54-60 nor Practice Book § 42-29 requires that an attempt to commit the crime charged in the information must necessarily be a lesser included offense of that crime. See *State* v. *March*, supra, 272. Hence, the defendant had statutory notice that he could be convicted of "any offense sufficiently alleged" in the initial information and of an attempt to commit the substantive offense charged therein. Consequently, if the defendant could be convicted of these charges under the initial information then indeed it would not be an abuse

---

[9] Practice Book § 42-29 provides in relevant part: "The defendant, if found not guilty of the offense charged, may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein, if the attempt is an offense."

[10] General Statutes § 54-60 provides: "Whenever any indictment, information or complaint is pending before any court, a conviction may be had for any offense sufficiently alleged therein or for an attempt to commit such offense, and the accused may be convicted or such court may accept a plea of guilty for any of such offenses."

of discretion to allow the state to charge him with them before the end of trial. In support of our decision, we are guided by our Supreme Court's decision in *State* v. *Tanzella*, supra, 226 Conn. 601.

In *Tanzella,* our Supreme Court held that for purposes of Practice Book § 624, now § 36-18, because the subdivisions of the statute at issue in that case described different methods by which the party could have committed the crime, the different subdivisions did not constitute "different crimes but simply different means of committing the same crime . . . ." *State* v. *Tanzella,* supra, 226 Conn. 613. We find the present case analogous to *Tanzella* because the state did not charge the defendant with an "additional or different" crime when it amended the charge from a violation of § 53a-167c (a) (2) to a violation of § 53a-167c (a) (1). It merely changed the method by which it alleged that the defendant had committed the same crime, that is, assault of a peace officer.

Because the defendant had notice that he could be convicted of attempt to commit the substantive offense of which he was charged and because we conclude that subdivisions (1) and (2) of § 53a-167c (a) are not different crimes but rather two ways of committing the same crime, we conclude that the second substitute information in the present case did not violate the defendant's rights under Practice Book § 36-18 by charging him with an "additional or different" offense.

II

Having determined that the amendments to the information did not charge an "additional or different" offense, we now consider whether the amendments prejudiced the defendant's substantive rights. The defendant claims that his defense was prejudiced because his counsel's voir dire of the prospective jurors was premised on the previous information. He asserts

that because the substitute information was allowed, he was not afforded the opportunity to "question the venire [panel] effectively to uncover and analyze any bias or prejudice that they may harbor as to the particular crime or crimes charged." We conclude that the defendant was not prejudiced.

"Practice Book § 624 [now § 36-18] is primarily a notice provision. Its purpose is to ensure that the defendant has adequate notice of the charges against which he must defend. . . . It is the defendant's burden to provide a specific showing of prejudice resulting from the state's delay in providing notice of the charge against which [he] must defend." (Internal quotation marks omitted.) *State* v. *Prat*, supra, 66 Conn. App. 98–99. In *State* v. *March*, supra, 39 Conn. App. 272, we held that "[Practice Book] § 867 [now § 42-29] and [General Statutes] § 54-60 are constitutionally sufficient to put a criminal defendant on notice that he can be convicted of an attempt to commit the crime charged as well as any lesser included offenses of the crime as charged." Thus, there is no merit to the defendant's claim that he lacked notice during voir dire of the crimes against which he had to defend. Additionally, the defendant has failed to provide us with support for his claim that he was prejudiced by the second substitute information. We, therefore, conclude that under the circumstances of this case, the trial court did not abuse its discretion by allowing the state to file the second substitute information after the commencement of trial.

The judgment is affirmed.

In this opinion the other judges concurred.