## STATE OF CONNECTICUT *v.* WILSON F.[1]
### (AC 22229)

Flynn, Bishop and Hennessy, Js.

Argued January 14—officially released June 17, 2003

[1] In accordance with the spirit of General Statutes § 54-86e, and to protect the victim's legitimate privacy interests, we will not use the defendant's full name or the name of the victim in this opinion.

*David V. DeRosa*, special public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Cara F. Eschuk*, senior assistant state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Wilson F., appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2)[2] and risk of injury to a child in violation of General Statutes (Rev. to 1995) § 53-21 (a) (2), as amended by Public Acts 1995, No. 95-142, § 1.[3] The trial court sentenced the defendant to a total effective term of fifteen years incarceration and five years special parole. On appeal, the defendant

---

[2] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ." On April 18, 2001, the parties stipulated that victim was younger than the age of thirteen and that the defendant was more than two years older than the victim.

[3] General Statutes (Rev. to 1995) § 53-21, as amended by Public Acts 1995, No. 95-142, § 1, provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child, shall be guilty of a class C felony."

General Statutes § 53a-65 (8) defines intimate parts as "the genital area, groin, anus, inner thighs, buttocks or breasts."

claims that the court improperly (1) permitted the state to file an amended, substitute information that changed the year of the alleged incident, (2) permitted the state to amend its witness list to include an expert witness and (3) violated the defendant's right to a fair trial when it failed to inquire fully of a juror whether she had discussed with other jurors her personal knowledge of a witness. We affirm the judgment of the trial court.

From the evidence adduced at trial, the jury reasonably could have found the following facts. The victim lived with his parents and siblings in the same multifamily residence with the defendant and the defendant's spouse until April, 1996. The victim's family lived on a floor separate from the defendant and his wife. The families maintained a close relationship, and the victim regularly visited the defendant's floor and would occasionally stay overnight. Even after the victim's family moved to another residence, the victim would visit the defendant and stay the night.

One evening, the victim was sleeping in the bedroom of the defendant's wife. The defendant and his wife maintained separate bedrooms. The defendant's wife asked the victim to sleep in the defendant's bedroom because the victim was bothering and kicking her. The victim went to the defendant's bedroom and the two watched cartoons on television. The defendant then began to touch the victim, including his buttocks and penis. The victim told the defendant to stop because it felt uncomfortable. The defendant then pulled the victim's pants down and put his penis in his buttocks. During the victim's testimony, he stated that it made him feel uncomfortable, as if he "was going to the bathroom." The victim also testified that the defendant kissed the victim and put his tongue in his mouth.

The defendant then proceeded to a bathroom and washed his hands. When the defendant returned, the

victim called out to the defendant's wife. She came to the defendant's bedroom, and the victim asked if he could sleep in her room. The defendant's wife agreed. The victim did not tell the defendant's wife about the incident because the defendant told the victim not to tell anybody what happened and the victim was scared.

The following morning, the victim's mother came and picked him up. The victim did not tell his mother what had occurred. Some years later, the victim told his mother's friend about the incident. In turn, the friend told the victim's mother. On April 19, 1999, the victim's mother took the victim to the police department to report the assault.

At trial, the victim testified that the incident occurred in the summer and the leaves were blowing. The victim also testified that the incident occurred when he was living at the same residence as the defendant. The victim's mother, however, testified that she believed that the incident occurred in September, after the victim and the family had moved out of the defendant's residence. The particular date is not known because the victim was a young child and delayed reporting the incident. Additional facts will be set forth as they become relevant to the issues raised in this appeal.

I

The defendant first claims that the court improperly permitted the state to file an amended, substitute information on the first day of evidence that changed the year of the alleged incident. The defendant also claims that the period stated in the information was so vague that he was denied his constitutional right to be informed of the nature and cause of the accusation against him under the sixth amendment to the United States constitution, and article first, § 8, of the constitution of Connecticut.[4] We disagree with the defendant.

---

[4] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right

The following additional facts are relevant. On August 20, 1999, the defendant filed a motion for a bill of particulars. On October 19, 1999, the state filed a bill of particulars that stated, inter alia, that "[t]he incidents took place when the [victim] was living in the same house as the defendant . . . believed to be about two years prior to the complaint i.e. in 1997. The [victim] describes the days as being warm and the nights cold and that some leaves were on the trees but some were flying, which may indicate that the assaults occurred in the Fall. They took place in the defendant's apartment after it was dark." On the same date, the state filed a substitute information stating that the incidents took place "on a date or dates in approximately 1997 . . . ."

On April 18, 2001, the jury had been selected, and the defendant's trial was scheduled to begin. On that date, the state filed a motion for leave to amend the information. In the motion, the state argued that it should "be permitted to amend the information charged by substituting the phrase 'that on a date or dates in approximately 1996,' in lieu of 'that on a date or dates in approximately 1997,' in each of the two charges since the State believes that the amendment will more closely conform to the anticipated testimony. In support of this motion, the state submits that the defendant is not prejudiced by this amendment since it was always clear that the date charged was approximate. . . . The

. . . to be informed of the nature and cause of the accusation . . . ."

The defendant's state constitutional claim is rooted in article first, § 8, of the constitution of Connecticut, which provides in relevant part: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . . No person shall be . . . deprived of . . . liberty . . . without due process of law . . . ."

We limit our analysis to the federal constitutional claim because the defendant "has proffered no argument that the rights afforded to him by the federal and the state constitutions are in any way distinguishable with respect to the substantive issue that he has raised." (Internal quotation marks omitted.) *State* v. *Valentine*, 255 Conn. 61, 69 n.11, 762 A.2d 1278 (2000).

amendment would not cause a different offense to be charged and, since the defendant has not suggested that this is a case where he would seek to use an alibi, and since the date of the alleged offense is not an element of the crimes charged, the State submits that no substantive right of the defendant would be prejudiced."

Before the presentation of evidence, the court heard arguments concerning the state's motion to amend the information. The defendant, through his attorney, stated: "I don't believe that this amendment materially changes what the information is, but I do have an objection to the information in that it is so unspecific as to the date [of] the alleged crime that it's impossible for me as defense counsel for [the defendant] to properly present [an] alibi defense or other defenses on his behalf. We are not even sure if it is 1996. If it is 1996, we don't even have it reduced to a month. . . . [W]e don't have anything by which the defendant can pinpoint when this incident occurred, so that if there's a possibility of an alibi defense or other defense, it's precluded from presenting that because there's just too broad a period of time set forth in the information." The court overruled the objection and granted the state's motion to amend the information.

The victim testified that he believed the incident took place when he was in prekindergarten, and he believed he was three or four years old at that time. If that evidence were correct, the alleged incidents would have taken place in 1994 or 1995. The state also called Sydney Horowitz, a clinical psychologist, who testified, inter alia, that children are "excellent at remembering specific dates like Christmas, Hanukkah, July 4, their birthday. They are very good at remembering specific dates that have more of a general popular theme and support. They are, however, incredibly inadequate about remembering dates for almost everything else." Horowitz also testified that he would not be concerned if a child could

not pinpoint a precise date or year about a traumatic event.

After the state rested its case-in-chief, the defendant made a motion for a judgment of acquittal, stating that "there is a serious issue as to the time of the alleged crime. The testimony by the [victim] is that this occurred when he was three years old. That is completely inconsistent with information that had been provided by the state indicating that it occurred at approximately 1996. . . . I understand that time, the exact dates, are not necessary to prove that a crime was committed, but when the error is so great, and obviously my client is greatly prejudiced by the fact that the information indicated 1997, then 1996, and now we find out based upon the testimony of the [victim], that it was really 1994 that he claims this happened, and that is so far off that it justifies an acquittal in this matter." The state argued that the victim *thought* the incident had occurred when he was in prekindergarten and that the date he was in prekindergarten could have been 1996, according to his testimony and other evidence submitted. The state also noted the testimony of Horowitz that discussed children's inaccuracies when recalling dates. The court denied the defendant's motion for a judgment of acquittal.

## A

We first address the defendant's claim that the court improperly permitted the state to amend its information.

Before a trial begins, the state has broad authority to amend an information pursuant to Practice Book § 36-17. Once the trial has started, however, the prosecutor is constrained by the provisions of Practice Book § 36-18.[5] This court has held that for purposes of Prac-

---

[5] Practice Book § 36-18 provides in relevant part: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information at any time before a verdict

tice Book §§ 36-17 and 36-18, a criminal trial begins with the voir dire of the prospective jurors. *State* v. *Phillips*, 67 Conn. App. 535, 539, 787 A.2d 616 (2002).

Under Practice Book § 36-18, if good cause is shown, the court may permit the state to amend the information at any time before a verdict is returned. The sole limiting requirement under Practice Book § 36-18 is that "no additional or different offense may be charged in an amendment, and no substantive rights of the defendant may be prejudiced by an amendment." (Internal quotation marks omitted.) *State* v. *Phillips*, supra, 67 Conn. App. 539; see also Practice Book § 36-18.

"The trial court may permit the state, after the start of the trial, to file an amended information to conform to the evidence. . . . The order of the trial court allowing the filing of such an amendment to conform to the evidence is generally within its sound discretion . . . and thus subject to review only upon circumstances indicating an abuse of that discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Barretto*, 59 Conn. App. 654, 656, 757 A.2d 1161, cert. denied, 254 Conn. 946, 762 A.2d 904 (2000).

"If the state seeks to amend charges after the commencement of trial, it shoulders the burden of establishing that 'no substantive rights of the defendant would be prejudiced.' Practice Book § 624 [now § 36-18]. Like any other party petitioning the court, the state must demonstrate the basis for its request. Under § 624 [now § 36-18], the state must show: (1) good cause for the amendment; (2) that no additional or different offense is charged; and (3) that no substantive right of the defendant will be prejudiced. This allocation of burden encourages the state to prepare its case carefully because it bears the burden of justifying subsequent

or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. . . ."

adjustments." *State* v. *Tanzella,* 226 Conn. 601, 614–15, 628 A.2d 973 (1993); *State* v. *Rodriguez,* 69 Conn. App. 779, 795, 796 A.2d 611, cert. denied, 260 Conn. 938, 802 A.2d 91 (2002).[6]

We conclude that the state met the three factors set forth by our Supreme Court in *Tanzella.* See *State* v. *Tanzella,* supra, 226 Conn. 614–15. In the state's motion for leave to amend the information following the commencement of the defendant's trial, the state alleged that the reason for the amendment was that the amended date "will more closely conform to the anticipated testimony." The defendant argues that the state should have interviewed the [victim] earlier to get a more accurate date of the alleged incident. Under the circumstances of this case, the state had good cause to amend the information when such factors as the age of the [victim] at the time of the incidents, his age at the time of trial and his testimony concerning dates at trial are taken into consideration. There is no reason to believe that a more accurate date could have been solicited in earlier interviews.

The state also asserted in its motion for leave to amend the information that the defendant was not prej-

---

[6] The defendant argues that it is still an open question whether a defendant may prevail when he is silent at trial concerning potential prejudice. See *State* v. *Tanzella,* supra, 226 Conn. 615 n.14. In this case, as in *Tanzella,* the defendant was not silent as to any potential prejudice in allowing the state to amend the information. We further note that this court has not clearly established whether a defendant has the burden to show prejudice at the trial level. See *State* v. *Van Eck,* 69 Conn. App. 482, 489–90, 795 A.2d 582, cert. denied, 260 Conn. 937, 802 A.2d 92, cert. denied, 261 Conn. 915, 806 A.2d 1057 (2002); *State* v. *Ryan,* 53 Conn. App. 606, 620, 733 A.2d 273 (1999). We believe that our Supreme Court was clear in *Tanzella* and that the burden clearly rests with the state at trial to demonstrate that the defendant's substantive rights are not prejudiced. See *State* v. *Tanzella,* supra, 614–15. On *appeal,* the defendant "must provide a specific showing of prejudice in order to establish that he was denied the right of due process of law as a result of the state's delay in modifying the date alleged in the information." *State* v. *Ramos,* 176 Conn. 275, 279–80, 407 A.2d 952 (1978).

udiced because the date cited in the bill of particulars "was approximate" and was " 'believed to be about two years prior to the complaint i.e. in 1997.' " The defendant admitted that the amendment did not materially change the information. We conclude, therefore, that the court did not abuse its discretion when it permitted the state to amend the information.

B

The defendant argues that his sixth amendment rights were violated when the date of the alleged incident in both the bill of particulars and the amended information were so vague that he could not prepare an adequate defense. We do not agree.

The general rule in Connecticut is that "[t]ime is not an essential ingredient of the crime of rape and it can be proved to have been committed at any time before the date of the information and within the period of the Statute of Limitations unless the date should become material in some way, as where a defense of alibi is to be made." (Internal quotation marks omitted.) *State* v. *Evans*, 205 Conn. 528, 534–35, 534 A.2d 1159 (1987), cert. denied, 485 U.S. 988, 108 S. Ct. 1292, 99 L. Ed. 2d 502 (1988), quoting *State* v. *Horton*, 132 Conn. 276, 277, 43 A.2d 744 (1945).

The state does have a duty to inform a defendant, within limits, of the time an offense is believed to have occurred. *State* v. *Evans*, supra, 205 Conn. 535–36. "The state does not have a duty, however, to disclose information which the state does not have. Neither the sixth amendment [to] the United States constitution nor article first, § 8 of the Connecticut constitution requires that the state choose a particular moment as the time of an offense when the best information available to the state is imprecise." (Internal quotation marks omitted.) *State* v. *Laracuente*, 205 Conn. 515, 519, 534 A.2d 882

(1987), cert. denied, 485 U.S. 1036, 108 S. Ct. 1598, 99 L. Ed. 2d 913 (1988).

The defendant argues that the state did not give him details of the victim's testimony concerning the time of year of the alleged incident. The bill of particulars contradicts that position because the state informed the defendant that "[t]he incidents took place when the [victim] was living in the same house as the defendant . . . believed to be about two years prior to the complaint i.e. in 1997. The [victim] describes the days as being warm and the nights cold and that some leaves were on trees but some were flying, which may indicate that the assaults occurred in the Fall. They took place in the defendant's apartment after it was dark." The state did provide information concerning the victim's anticipated testimony about when the alleged incident took place. For the reasons previously stated involving the victim's age, the defendant cannot demonstrate that the state would have been able to provide more accurate information, and the state cannot be held responsible for giving information it does not possess.

The defendant also argues that the date alleged in the information was so vague that it precluded him from bringing an alibi defense. Our Supreme Court has rejected that argument. See *State* v. *Evans*, supra, 205 Conn. 534–37. "[A]n alibi defense does not create a per se requirement that the state limit the times in the information more narrowly than the evidence available warrants." (Internal quotation marks omitted.) *State* v. *Spigarolo*, 210 Conn. 359, 387, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989). On the basis of previous appellate decisions, we conclude that the defendant's rights were not violated by the filing of the substituted information.

## II

The defendant next claims that the court improperly permitted the state to amend its proposed witness list

at the start of jury selection to include an expert witness on the subjects of children delaying disclosure of sexual abuse and children's inaccuracies concerning memory for specific calendar dates.

The following additional facts are relevant to the resolution of the defendant's claim. On August 20, 1999, the defendant filed a motion for disclosure and inspection requesting, inter alia, "[a]ny reports or statements of experts made in connection with the offense charged including results of physical and mental examinations and of scientific tests, experiments or comparisons which are material to the preparation of the defense or are intended for use by the prosecuting authority as evidence in chief at trial."

On October 19, 1999, the state responded to the defendant's motion for disclosure and included the statement: "The state does anticipate that it will retain an expert witness or witnesses, but has not yet done so." On June 27, 2000, the state filed a preliminary witness list that made no mention of an expert witness. On April 10, 2001, the state filed an amended preliminary witness list that contained the name "Dr. S. Horowitz." The defendant objected to the late disclosure of the expert witness. The court delayed a ruling so that it could do further research on whether the expert should be allowed to testify.

On April 18, 2001, the state offered Horowitz as an expert witness. The state wanted Horowitz to testify on two topics: The tendency of children to delay reporting sexual abuse, and the inability of children to recall calendar dates. The court overruled the defendant's objection, and, on April 18, 2001, Horowitz testified as an expert witness on the issues of children waiting to report sexual abuse and children inaccurately reporting dates as previously discussed.

To succeed on his claim, the defendant must show that the court abused its discretion by not imposing sanctions on the state due to the late disclosure, including, in this case, the sanction of not permitting Horowitz to testify. See *State* v. *Respass*, 256 Conn. 164, 184, 770 A.2d 471, cert. denied, 534 U.S. 1002, 122 S. Ct. 478, 151 L. Ed. 2d 392 (2001). Practice Book § 40-5[7] gives broad discretion to the trial judge to grant an appropriate remedy for failure to comply with discovery requirements. "Generally, [t]he primary purpose of a sanction for violation of a discovery order is to ensure that the defendant's rights are protected, not to exact punishment on the state for its allegedly improper conduct. As we have indicated, the formulation of an appropriate sanction is a matter within the sound discretion of the trial court." (Internal quotation marks omitted.) *State* v. *Respass*, supra, 186.

The defendant argues that the late disclosure of the expert witness put the defendant at a disadvantage. The defendant also argues that when the state did disclose its intention to call Horowitz, the state did not inform the defendant that the expert witness would be testifying as to the incapacity of a child to specify an accu-

---

[7] Practice Book § 40-5 provides: "If a party fails to comply with disclosure as required under these rules, the opposing party may move the judicial authority for an appropriate order. The judicial authority hearing such a motion may enter such orders and time limitations as it deems appropriate, including, without limitation, one or more of the following:

"(1) Requiring the noncomplying party to comply;

"(2) Granting the moving party additional time or a continuance;

"(3) Relieving the moving party from making a disclosure required by these rules;

"(4) Prohibiting the noncomplying party from introducing specified evidence;

"(5) Declaring a mistrial;

"(6) Dismissing the charges;

"(7) Imposing appropriate sanctions on the counsel or party, or both, responsible for the noncompliance; or

"(8) Entering such other order as it deems proper."

rate calendar date when the incident is alleged to have taken place in addition to the previously disclosed purpose of testifying about a child's tendency to delay reporting an incident of sexual abuse.

The state argues that the defendant has not demonstrated that the omission of Horowitz on the original witness list on June 27, 2000, was done in bad faith. Practice Book 40-13 (d)[8] provides that no witness shall be precluded from testifying because he or she was not disclosed properly if the nondisclosing party "did not in good faith intend to call the witness at the time . . . . required by this rule." There is nothing in the record to indicate that the state acted in bad faith, and the defendant has not met his burden to show that the court abused its discretion when it allowed Horowitz to testify.

The state also points out that the defendant was put on notice of the testimony of Horowitz before jury selection began and also correctly points out that the defendant never asked the court for additional time by way of a continuance to prepare for Horowitz' testimony or to ask for a continuance to hire an expert witness to counter the evidence presented by Horowitz.

"[S]uppression of relevant, material and otherwise admissible evidence is a severe sanction which should not be invoked lightly." (Internal quotation marks omitted.) *State* v. *Troupe*, 237 Conn. 284, 312, 677 A.2d 917 (1996). Practice Book § 40-13 (d) also provides in relevant part that "[i]n the interests of justice the judicial

---

[8] Practice Book § 40-13 (d) provides: "No witness shall be precluded from testifying for any party because his or her name or statement or criminal history was not disclosed pursuant to this rule if the party calling such witness did not in good faith intend to call the witness at the time that he or she provided the material required by this rule. In the interests of justice the judicial authority may in its discretion permit any undisclosed individual to testify."

authority may in its discretion permit any undisclosed individual to testify."

The defendant suggests in his reply brief that after the court determines that the testimony of a late disclosed witness will be allowed, the court "must offer the defendant a continuance to remedy the prejudice to the opposing party from late disclosure." This court is unable to find authority for the proposition that a court has a *duty* to offer the defendant some remedy under Practice Book § 40-5 when discovery rules are violated.

The defendant cites our Supreme Court's decision in *State* v. *Festo*, 181 Conn. 254, 265, 435 A.2d 38 (1980), for the proposition that the trial court must offer a continuance to the defendant. "The purpose of criminal discovery is to prevent surprise and to afford the parties a reasonable opportunity to prepare for trial. To achieve these goals and to assure compliance with the rules, the trial court *must impose an appropriate sanction* for failure to comply. In determining what sanction is appropriate, the trial court should consider the reason why disclosure was not made, the extent of prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances." (Emphasis added.) Id. We do not interpret that language as *requiring* a trial court to offer a continuance when a different sanction has been requested by the defendant.

In this case, the defendant wanted to preclude the testimony of Horowitz and never asked for a different remedy. We conclude that the court must consider appropriate sanctions, but is under no obligation to impose a penalty. Practice Book § 40-5 provides in relevant part: "If a party fails to comply with disclosure as required under these rules, *the opposing party may move the judicial authority* for an appropriate order. The judicial authority hearing such a motion *may* enter

such orders and time limitations as it deems appropriate
. . . ." (Emphasis added.) The clear language of that
provision does not place the burden on the court to
offer a continuance to the party raising an objection.
It is the defendant's obligation to move the court for
such a sanction.

The court did not abuse its discretion by allowing
Horowitz to testify, and the defendant's argument that
the court must offer a continuance is not persuasive.

### III

The defendant's final claim is that the court violated
his right to a fair trial when it failed to inquire fully of
a juror whether she had discussed with other jurors
her personal knowledge of a witness from when the
juror was a child.

The record discloses the following. During voir dire,
the state informed prospective jurors that it intended
to call Jacqueline Ortiz, a police detective, as a witness.
Jurors were not informed of Ortiz's maiden name during
voir dire. On April 18, 2001, the state began the presenta-
tion of its case-in-chief. On that day, Ortiz testified, and
one of the jurors informed the court that she recognized
Ortiz after her testimony was presented. The court
stated: "I'll bring in [the juror] tomorrow morning and
ask her about how this affects her ability to judge the
credibility of Detective Ortiz. I'll make sure she hasn't
spoken about this with anyone. I think she's aware of
this enough that she shouldn't be sharing any knowl-
edge she has about this with other jurors, because that's
part of my general instructions, and I'll make sure that's
so, also. And if she cannot continue as a juror, I'll excuse
her and replace her with one of the alternates."

The following day, the juror stated to the court that
she knew Ortiz when the juror was a child. They had
attended the same church, and she knew Ortiz before

the detective had begun basic training for her job as a police officer. The juror also testified that it had been more than ten years since she had seen Ortiz. When asked if the juror had any preconceived notions about Ortiz's credibility, the juror responded: "No, she has always been a nice person." The defendant moved to dismiss the juror on the basis of her knowledge of Ortiz from church and her statement that Ortiz was a nice person. The court granted the defendant's motion, excused that juror and replaced her with an alternate. The juror then was brought into the courtroom, and the court explained that she was going to be excused and that the juror had acted in an appropriate manner by alerting the court. The court then informed the rest of the jury that the juror was excused because she was acquainted with Ortiz when the detective had used her maiden name. The court reiterated that if something concerned them, the jurors should inform the sheriff or write a note to the court. The court also stated: "[Y]ou cannot talk about issues in the case, and I know you all know that."

It is clear from the record that the court and both parties simply forgot to inquire whether the dismissed juror had discussed her recognition of Ortiz with the other jurors. At no time did the defendant object to the court's inquiry of the juror or raise the possibility that she had discussed her recognition of the witness with the other jurors. There is no evidence in the record that the dismissed juror did, in fact, discuss her previous acquaintanceship with any members of the jury.

The standard of review on appeal for a claim of juror misconduct is well settled. "In the past, we have recognized that the trial court has broad discretion to determine the form and scope of the proper response to allegations of jury misconduct. . . . In exercising that discretion, the trial court must zealously protect the rights of the accused. . . . We have limited our role,

on appeal, to a consideration of whether the trial court's review of alleged jury misconduct can fairly be characterized as an abuse of its discretion. . . . Even with this circumscribed role, we have reserved the right to find an abuse of discretion in the highly unusual case in which such an abuse has occurred. . . . The trial judge's discretion, which is a legal discretion, should be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." (Citations omitted; internal quotation marks omitted.) *State* v. *Brown*, 235 Conn. 502, 523–24, 668 A.2d 1288 (1995).

The defendant argues that the court's failure to ask the excused juror if she had discussed her prior knowledge of the witness with the other jurors is a violation of his constitutional right to a fair trial. We do not agree.

"Jury impartiality is a core requirement of the right to trial by jury guaranteed by the constitution of Connecticut, article first, § 8, and by the sixth amendment to the United States constitution. . . . [T]he right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, indifferent jurors. . . . The modern jury is regarded as an institution in our justice system that determines the case solely on the basis of the evidence and arguments given [it] in the adversary arena after proper instructions on the law by the court. . . . [Article first, § 8, and the sixth amendment require] that a criminal defendant be given a fair trial before an . . . unprejudiced jury . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Centeno*, 259 Conn. 75, 81, 787 A.2d 537 (2002).

The defendant attempts to equate the current case to those situations in which the trial court was faced with an allegation of juror misconduct, and the court *refused* to make a further inquiry. Id.; see also *State* v. *Brown*, supra, 235 Conn. 526. The defendant argues that

the court had a responsibility, sua sponte, to investigate further whether the remaining jurors were aware of the excused juror's prior knowledge of the witness. After a thorough review of the cases, we do not find support for the defendant's position.

Our Supreme Court has held that "a trial court must conduct a preliminary inquiry, on the record, whenever it is presented with any allegations of jury misconduct in a criminal case, regardless of whether an inquiry is requested by counsel. Although the form and scope of such an inquiry lie within a trial court's discretion, the court must conduct some type of inquiry in response to allegations of jury misconduct. That form and scope may vary from a preliminary inquiry of counsel, at one end of the spectrum, to a full evidentiary hearing at the other end of the spectrum, and, of course, all points in between. Whether a preliminary inquiry of counsel, or some other limited form of proceeding, will lead to further, more extensive, proceedings will depend on what is disclosed during the initial limited proceedings and on the exercise of the trial court's sound discretion with respect thereto." *State* v. *Brown*, supra, 235 Conn. 526.

The nature of the inquiry is within the discretion of the trial court. See *State* v. *Centeno*, supra, 259 Conn. 82. The court did make an inquiry into the potential juror misconduct and excused the juror at the defendant's request. The defendant never requested that the juror be asked whether the other members of the jury were aware of the excused juror's perceptions of the witness. We conclude that the court did not abuse its discretion by failing to conduct a further inquiry after the juror was excused.

In addition, even if we were to conclude that the court abused its discretion, the defendant has failed to persuade this court that he was, in fact, prejudiced by

the trial court's decision not to conduct a further inquiry. When the trial court is not responsible for the juror misconduct, "a defendant who offers proof of juror misconduct bears the burden of proving that actual prejudice resulted from that misconduct." (Internal quotation marks omitted.) *State* v. *Booth*, 250 Conn. 611, 649, 737 A.2d 404 (1999), cert. denied sub nom. *Brown* v. *Connecticut*, 529 U.S. 1060, 120 S. Ct. 1568, 146 L. Ed. 2d 471 (2000). The defendant has not met that burden in this case.

The record indicates that the court repeatedly informed the jury that it could not discuss the case with anyone, including fellow jurors, until deliberations began. In the absence of evidence to the contrary, jurors are presumed to have followed the court's instructions. *State* v. *Rivera*, 74 Conn. App. 129, 152, 810 A.2d 824 (2002). The defendant cannot provide any evidence that juror misconduct took place that was not remedied when the court excused the juror.

We realize from the court's remarks that it intended to make such a further inquiry of the excused juror; however, the omission would be considered harmless under the facts of this case.

The judgment is affirmed.

In this opinion the other judges concurred.