## STATE OF CONNECTICUT *v.* EARL GRANT
### (AC 23215)

Lavery, C. J., and Flynn and McLachlan, Js.

Argued February 18—officially released May 25, 2004

*Richard E. Condon, Jr.*, assistant public defender, for the appellant (defendant).

*Annemarie L. Braun,* special deputy assistant state's attorney, with whom were *James E. Thomas,* state's attorney, and, on the brief, *Robin Cutuli,* assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. The defendant, Earl Grant, appeals from the judgments of conviction, rendered after a jury trial, of "age differential" sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and two counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). He also appeals from the judgments, rendered after a trial to the court, finding him guilty of violation of probation in violation of General Statutes § 53a-32. The defendant also was charged with, but found not guilty of, the following charges: forcible sexual assault in the first degree in violation of § 53a-70 (a) (1) and attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-70 (a) (1) and 53a-49.

On appeal, the defendant claims that the trial court (1) abused its discretion by permitting the state to amend the information, after trial had commenced, to expand the time frame of the charge of "age differential" sexual assault and (2) denied the defendant his constitutional right to effective assistance of counsel by failing to undertake an adequate inquiry into the defendant's complaints regarding his counsel's representation. We conclude that although the defendant has shown that a substantial right was affected by the court's allowing the amendment to the information, he has not shown the required harm to warrant reversal of the judgments. We further conclude that the court did not have a sua sponte duty to inquire into the effectiveness of the defendant's counsel. Accordingly, we affirm the judgments of the trial court.

The following facts are pertinent to our review. After arraignment, the defendant made a written motion to dismiss his first counsel. This motion was granted. The court appointed new counsel for the defendant, who represented him through the remaining proceedings. At both a pretrial hearing and during jury selection, the defendant made an oral motion to dismiss his second counsel. After inquiring into the defendant's reasons and finding them baseless, the court denied both motions.

The trial then proceeded. The child victim, who was the only person who witnessed the charged illegal activities, testified for the state but was not cross-examined by the defendant. After her testimony, the state petitioned the court to allow an amendment to the information. The last information filed prior to trial stated that the crime of age differential sexual assault under § 53a-70 (a) (2) had occurred on or about December, 2000, and the crime of forcible sexual assault under § 53a-70 (a) (1) had occurred on or about January 24, 2000 through January 31, 2001. The state requested that the information be amended to expand by eleven months the time frame of the charged age differential sexual assault from "on or about December 2000" to "diverse dates from January 24, 2000 through January 31, 2001" to conform to the victim's testimony. The new time frame coincided with the dates of the offense of forcible sexual assault already alleged in the charging document. The prosecutor stated in relevant part that "[t]he reason for the amended information is that it's amended to comply with the testimony. It was expected that the victim would recall a specific incident in December, 2000. She testified that . . . no particular [date] stands out in her mind, that they all occurred over the course of time between January 24, 2000, and January 31, 2001. . . . December, 2000, does occur within that time frame."

When arguing in favor of the amendment, the prosecutor stated in relevant part: "And as far as notice . . . there is no way that [the defendant] can claim that there has not been notice of that because it's the same conduct; it's the same offense. All along, the allegation has been that it has been a history of sexual assault from the time she was eleven in the middle of the fifth grade . . . until she told her mother on January 31, 2001. Certainly, there was notice that she was under the age of thirteen at that time; she said she was eleven. She did not turn thirteen until last week, and certainly there is notice that the defendant is more than two years older than she is."

The defendant objected to the amendment to the information. His counsel stated: "Your Honor, the state certainly had its witness. The state prepared the case. The state was preparing its witness as late as yesterday morning, yet we had no change in information until after the witness testified. The state had every opportunity to make any amendment to the information before the commencement of evidence. Obviously, we prepared our case based upon what the state did allege in its information, and this is a substantial departure in that.

"As Your Honor pointed out, count two requires proof of force. We were aware that for one year . . . if there was proof of force, my client would be in jeopardy. Count one alleged one period of approximately one month in which my client would be in jeopardy for the alleged acts with a person under the age of thirteen years. Expanding from a one month period to a one year period is far too expansive when there has been no indication that there was difficulty communicating with the witness, that there was difficulty obtaining the witness. There have been no difficulties with the witness that are unusual in this circumstance, Your Honor. I don't believe the state has met its burden unless it could show something to that effect."

The court ruled in the state's favor, stating: "[I]n my experience, the young lady turned thirteen two and one-half weeks ago and is in court to testify against [the defendant] while he sits there. And there are inherent difficulties in communicating with such witnesses and there are inherent difficulties in their testifying in court. And yesterday, the state had anticipated that [the victim's] mother would be able to be with her and, of course, you objected because her mother was a witness, rightfully so. And one has to take into consideration the age and the relationships here. I mean, this is not like putting Doctor Lee on the [witness] stand and you get up and ask him two questions and you can sit down and he'll testify for an hour. And then you get up and ask him another question and, you know, this is not a professional kind of a—kind of a witness.

"The question here is, to my mind, are any new offenses charged? No new factual offenses are charged. The same factual offenses are being gone over, just under a different additional theory. . . . It's sort of a different method of committing the same crime between the same defendant and victim, during the same time period that he is already on notice for on the other count, at the same house, in the same town. They are the same acts. They are only differentiated because there are different methods of viewing them within the criminal law. He was on notice of acts being committed, same date, same acts, same victim, same place.

"I think he has sufficient notice. He hasn't testified yet. If you decide that you would like, after consulting with your client, to change your decision, I will recall the complainant to the [witness] stand, and you can cross-examine her if you so choose. But on the basis of this, I'm going to allow the substituted information. You may have an exception." The defendant chose not to cross-examine the victim.

Later, during a read-back of the victim's testimony to the jury, the defendant made an outburst and told the court that he had asked his counsel to cross-examine the victim. The court stated that it would look into the matter at a later time. Neither the defendant nor his counsel addressed this issue to the court again.

At the sentencing hearing, the court was informed that the defendant had filed a grievance against his counsel and that he believed that this action effectively dismissed his counsel. Defense counsel stated that he had explained to his client that he still represented him. No objection to defense counsel's continued representation was made at this time, and no motion to dismiss or withdraw was filed with the court. During the hearing, the court gave the defendant one last chance to object to his counsel, stating: "Now, I know you had some feelings in that area. If you wish to express them, now is the time because this is the last . . . time I will be handling this." The defendant remained silent on the issue of his counsel's representation.

I

We first address the defendant's claim that the court improperly allowed the state to amend the information, after trial had commenced, to expand the time frame of the charged age differential sexual assault in violation of Practice Book § 36-18.[1] "On appeal, our review [standard] of the court's decision to permit an amendment

---

[1] The state argues that the defendant's claim is unpreserved because he did not expressly raise it at trial. After review of the transcript, we have determined that "[a]lthough the defendant's objections . . . failed to incorporate the specific language that he now uses on appeal, the objections were succinct and adequately alerted the trial court to the basis of [his] objection. We conclude that the trial court and the state were fairly put on notice of the basis for the defendant's objections . . . and that . . . the defendant's claim [was] adequately preserved." (Citation omitted; internal quotation marks omitted.) *State* v. *Paulino*, 223 Conn. 461, 476–77, 613 A.2d 720 (1992).

to the information is one of abuse of discretion." *State* v. *Caracoglia,* 78 Conn. App. 98, 101, 826 A.2d 192, cert. denied, 266 Conn. 903, 832 A.2d 65 (2003).

"Before a trial begins, the state has broad authority to amend an information pursuant to Practice Book § 36-17. Once the trial has started, however, the prosecutor is constrained by the provisions of Practice Book § 36-18." *State* v. *Wilson F.,* 77 Conn. App. 405, 411, 823 A.2d 406, cert. denied, 265 Conn. 905, 831 A.2d 254 (2003). Practice Book § 36-18 provides in relevant part: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced . . . ."

"If the state seeks to amend charges after the commencement of trial, it shoulders the burden of establishing that no substantive rights of the defendant would be prejudiced. . . . Like any other party petitioning the court, the state must demonstrate the basis for its request. Under [Practice Book § 36-18], the state must show: (1) good cause for the amendment; (2) that no additional or different offense is charged;[2] and (3) that no substantive right of the defendant will be prejudiced. This allocation of burden encourages the state to prepare its case carefully because it bears the burden of justifying subsequent adjustments." (Citation omitted; internal quotation marks omitted.) *State* v. *Wilson F.,* supra, 77 Conn. App. 412–13.

---

[2] "The state's right to amend must be limited to substitutions that do not charge the defendant with an additional or different offense because the defendant has a constitutional right to fair notice, prior to the commencement of trial, of the charges against which he must defend himself." (Internal quotation marks omitted.) *State* v. *Ward,* 76 Conn. App. 779, 794–95, 821 A.2d 822, cert. denied, 264 Conn. 918, 826 A.2d 1160 (2003). No new offense was charged in the amended information, but there was a new allegation that the offending conduct had occurred multiple times.

We conclude that by virtue of the change from the anticipated testimony of the victim, which occurred at trial, the state showed good cause sufficient to meet the first prong of Practice Book § 36-18. The second prong was satisfied in that no new charge or different charge was alleged in the amendment.

We now address the third prong, which requires that an amendment made after trial has commenced not "prejudice" any "substantive right of the defendant." This formulaic phrase requiring that there be no prejudice to substantive rights has been used consistently in our case law.[3] We find no definition of the term substantive right in any of these repeated expressions of this phrase in this context.

We therefore look to Black's Law Dictionary, which defines a "substantive right" as "[a] right to the equal enjoyment of fundamental rights, privileges and immunities"; Black's Law Dictionary (6th Ed. 1990); or "a right that can be protected or enforced by law." Black's Law Dictionary (7th Ed. 1999). Fundamental rights have been defined as those rights that originate from and are explicitly or implicitly guaranteed by the federal constitution. See *Zapata* v. *Burns*, 207 Conn. 496, 506, 542 A.2d 700 (1988); Black's Law Dictionary (6th Ed. 1990). We conclude that "[t]he constitutional right to be informed of the nature and cause of the accusation entitles the defendant to insist the indictment apprise him of the crime charged with such reasonable certainty

---

[3] See, e.g., *State* v. *Caracoglia*, supra, 78 Conn. App. 101, 104; *State* v. *Ward*, 76 Conn. App. 779, 794–95, 821 A.2d 822, cert. denied, 264 Conn. 918, 826 A.2d 1160 (2003); *State* v. *Carneiro*, 76 Conn. App. 425, 434, 439–40, 820 A.2d 1053, cert. denied, 264 Conn. 909, 826 A.2d 180, cert. denied, 540 U.S. 915, 124 S. Ct. 304, 157 L. Ed. 2d 208 (2003); *State* v. *Rodriguez*, 69 Conn. App. 779, 795, 796 A.2d 611, cert. denied, 260 Conn. 938, 802 A.2d 91 (2002); *State* v. *Phillips*, 67 Conn. App. 535, 542–43, 787 A.2d 616 (2002); *State* v. *Ryan*, 53 Conn. App. 606, 620–22, 733 A.2d 273 (1999); *State* v. *Morris*, 49 Conn. App. 409, 416, 716 A.2d 897, cert. denied, 247 Conn. 904, 720 A.2d 516 (1998).

that he can make his defense and protect himself after judgment against prosecution on the same charge." The Constitution of the United States of America: Analysis and Interpretation (J. Killian & L. Beck eds., 1987) p. 1349, citing *Bartell* v. *United States*, 227 U.S. 427, 33 S. Ct. 383, 57 L. Ed. 583 (1913), *Burton* v. *United States*, 202 U.S. 344, 26 S. Ct. 688, 50 L. Ed. 1057 (1906), and *United States* v. *Simmons*, 96 U.S. 360, 24 L. Ed. 819 (1878).

Although the state has a duty to inform a defendant, within reasonable limits, of the time the offense charged was alleged to have been committed, it does not have a duty to disclose information that it does not have and could not obtain. See *State* v. *Vumback*, 263 Conn. 215, 224–25, 819 A.2d 250 (2003). The defendant argues that a violation of the substantive right to be informed of the charges against him occurred when the court allowed the state to amend the information. In his brief, he claims that "the amendment prejudiced his ability to defend against the charge. It is established that, for the purpose of Practice Book § 36-18 [in determining whether an amendment to the information should be permitted], 'the decisive question is whether the defendant was informed of the charges with sufficient precision to be able to prepare an adequate defense.' *State* v. *Tanzella*, [226 Conn. 601, 608, 628 A.2d 973 (1993)]. The amendment [offered after the victim's testimony] materially modified the charge based on evidence concerning [one] specific incident occurring 'on or about December, 2000,' to continuous sexual assaults occurring on diverse dates 'from January 24, 2000, [through] January 31, 2001.' The expansion from a month to more than a year is, standing alone, a substantial departure from the prior information. . . . [T]he count at issue read as if it were charging a single incident during the month time frame of December, 2000. By way of the substitute information, the charge trans-

formed into multiple sexual assaults over the course of more than a year . . . ." (Citation omitted.)

The principal question in this case is whether amending the information to conform to the evidence near the end of a short trial prejudiced the defendant's substantive right to be informed of the nature and cause of the crimes for which he was charged. After a careful review of the informations for both forms of sexual assault in the first degree alleged at the commencement of trial and as amended after the victim's direct testimony, we conclude that the defendant's substantive right to notice of the charges against him was not violated.

In *State* v. *Wilson F.*, supra, 77 Conn. App. 412, we determined that "[t]he trial court may permit the state, after the start of the trial, to file an amended information to conform to the evidence. . . . The order of the trial court allowing the filing of such an amendment to conform to the evidence is generally within its sound discretion . . . ." (Internal quotation marks omitted.) In making its determination, the court may consider such facts as the age of the victim at the time of the assaults, the age of the victim at the time of trial and the victim's testimony at trial concerning dates of the assaults. Id., 412–15. The evidence presented in this case was that the assaults commenced when the child was eleven years old.

The court clearly took these factors into consideration when making its decision. It stated that "[i]n my experience, the young lady turned thirteen two and one-half weeks ago and is in court to testify against [the defendant] while he sits there. And there are inherent difficulties in communicating with such witnesses, and there are inherent difficulties in their testifying in court. And yesterday, the state had anticipated that [the victim's] mother would be able to be with her and, of

course, you objected because her mother was a witness, rightfully so. And one has to take into consideration the age and the relationships here."

"[I]t is not essential in a criminal prosecution that the crime be proved to have been committed on the precise date alleged, it being competent ordinarily for the prosecution to prove the commission of the crime charged at any time prior to the date of the complaint and within the period fixed by the [s]tatute of [l]imitations. . . . Thus, it is entirely proper for a court to permit an amendment or a substitute information merely to amplify or to correct the time of the commission of the offense when time is not a material ingredient of the crime charged." (Citations omitted; internal quotation marks omitted.) *State* v. *Ramos,* 176 Conn. 275, 276–77, 407 A.2d 952 (1978).

Section 53a-70 (a), which sets out the requirements for age differential sexual assault in the first degree, provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ." Force is not a necessary element of the crime under the statute. In this case, during the year in which the amended information alleged that the assaults had occurred, the victim was younger than thirteen years of age at all times and the defendant turned thirty-seven years of age. Therefore, although the state bore the burden of proving that the victim was younger than thirteen years of age at the time of the assaults and that the defendant was more than two years older than the victim, the change in the date of the alleged offenses did not have any effect on the proof required on those elements of the crime with which the defendant was charged.

The amendment expanded the time frame for the charged crime of age differential sexual assault to conform to the victim's testimony. "The state does have a duty to inform a defendant, within limits, of the time an offense is believed to have occurred. . . . The state does not have a duty, however, to disclose information which the state does not have." (Citation omitted; internal quotation marks omitted.) *State* v. *Wilson F.*, supra, 77 Conn. App. 414.

"Practice Book § 36-18 is primarily a notice provision. Its purpose is to ensure that the defendant has adequate notice of the charges against which he must defend. . . . It is the defendant's burden to provide a specific showing of prejudice resulting from the state's delay in providing notice of the charge against which [he] must defend." (Internal quotation marks omitted.) *State* v. *Caracoglia*, supra, 78 Conn. App. 101–102. The defendant is entitled to insist that the information apprises him of the crime charged with enough certainty that he can properly prepare a defense. As the state admitted at oral argument: "[T]he purpose of alleging the date in [an] information is to give the defendant notice in order to prepare a defense to the charges. It sets the framework for him."

Both before and after the amendment, the defendant was charged with two counts of sexual assault. One count charged commission of an age differential sexual assault pursuant to § 53a-70 (a) (2). The second count charged a violation of § 53a-70 (a) (1) and alleged that the sexual assault was committed by use of force. Although the amendment as to count one was granted near the end of the trial, the charged second count of sexual assault put the defendant on notice that he was charged with sexually assaulting the victim by compelling her to engage in sexual intercourse through the use of force on or about January 24, 2000, through January 31, 2001. We agree with the observations made

by the prosecutor and the court that the defendant was on notice prior to trial that he was charged with sexually assaulting the victim on diverse dates during those times by virtue of the approximate twelve month period referenced in the second count of forcible sexual assault. Therefore, the defendant's substantive right of notice of the charges against him was not prejudiced by the amendment.

## II

The defendant next claims that the court denied him his sixth amendment constitutional right to effective assistance of counsel by failing to undertake adequate inquiry into his complaints regarding his counsel's representation of him. Specifically, the defendant claims that the court had an obligation to inquire, sua sponte, into the effectiveness of his counsel after the defendant yelled at his attorney for failing to cross-examine the victim while the court reporter was reading back the victim's testimony to the jury and after the defendant later filed a grievance against his attorney. We disagree.

Although the defendant does not expressly concede that his claim is unpreserved, nothing in the record indicates that an objection was made to the court's actions at these times. Therefore, the defendant seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id. Although the

defendant's claim meets *Golding*'s first two prongs, we conclude that his claim fails because he cannot satisfy the third prong by establishing that a constitutional violation clearly exists.

"The sixth amendment to the United States constitution as applied to the states through the fourteenth amendment, and article first, § 8, of the Connecticut constitution, guarantee to a criminal defendant the right to [the] effective assistance of counsel." (Internal quotation marks omitted.) *State* v. *Drakeford*, 261 Conn. 420, 426–27, 802 A.2d 844 (2002). "Almost without exception, we have required that a claim of ineffective assistance of counsel must be raised by way of habeas corpus, rather than by direct appeal, because of the need for a full evidentiary record for such [a] claim. . . . On the rare occasions that we have addressed an ineffective assistance of counsel claim on direct appeal, we have limited our review to allegations that the defendant's sixth amendment rights had been jeopardized by the actions of the *trial court*, rather than by those of his counsel." (Emphasis in original; internal quotation marks omitted.) *State* v. *Vega*, 259 Conn. 374, 385, 788 A.2d 1221, cert. denied, 537 U.S. 836, 123 S. Ct. 152, 154 L. Ed. 2d 56 (2002).

"[A] trial court has a responsibility to inquire into and to evaluate carefully all substantial complaints concerning court-appointed counsel . . . . The extent of the inquiry, however, lies within the discretion of the trial court. . . . A trial court does not abuse its discretion by failing to make further inquiry where the defendant has already had an adequate opportunity to inform the trial court of his complaints." (Citations omitted; internal quotation marks omitted.) *State* v. *Ruffin*, 48 Conn. App. 504, 514, 710 A.2d 1381, cert. denied, 245 Conn. 910, 718 A.2d 18 (1998). "In the absence of an affirmative duty by the trial court to inquire, however, a defendant who raised no objection at trial must dem-

onstrate that an actual conflict of interest adversely affected his [or her] lawyer's performance in order to obtain reversal of his [or her] conviction. . . . Before the trial court is charged with a duty to inquire, the evidence of a specific [problem in the defendant's counsel's representation] must be sufficient to alert a reasonable trial judge that the defendant's sixth amendment right to effective assistance of counsel is in jeopardy." (Citation omitted; internal quotation marks omitted.) *State* v. *Gaines*, 257 Conn. 695, 708, 778 A.2d 919 (2001).

In the present case, the nature and timing of the defendant's complaints did not require a sua sponte inquiry by the court into the effectiveness of counsel. The court already had reviewed the defendant's previous complaints against counsel and had refused to dismiss counsel prior to trial. An outburst during jury deliberations as to trial strategy and the posttrial filing of a grievance against his counsel prior to sentencing does not trigger the need for the court to inquire into the quality of defense counsel's representation, especially when the defendant was given a chance to formally object at sentencing and chose to remain silent. "[T]he filing of a grievance in and of itself is insufficient to establish a violation of a defendant's sixth amendment rights." *State* v. *Vega*, supra, 259 Conn. 388. The court may rely on the silence of the defendant and his counsel in determining whether a duty to inquire has arisen. *State* v. *Gaines*, supra, 257 Conn. 708. In addition, the defendant has not shown that there was an actual conflict of interest that denied him a fair trial. Therefore, we must conclude that the defendant's claim fails because he cannot satisfy *Golding*'s third prong.

Although the defendant also requests plain error review of his claim, such review is not warranted.[4]

[4] "To prevail under the plain error doctrine, the defendant must demonstrate that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. . . . This doctrine is not implicated and review of the claimed error is not undertaken

The judgment is affirmed.

In this opinion the other judges concurred.

unless the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Hooks*, 80 Conn. App. 75, 86, 832 A.2d 690, cert. denied, 267 Conn. 908, 840 A.2d 1171 (2003).