******************************************************

    The "officially released" date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the "officially released"
date appearing in the opinion.

    All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

    The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.
******************************************************

# STATE OF CONNECTICUT *v.* BERNARD J. PELUSO
## (AC 40998)

DiPentima, C. J., and Sheldon and Bear, Js.

*Syllabus*

Convicted of the crimes of sexual assault in the first degree, sexual assault in the fourth degree and risk of injury to a child in connection with his alleged sexual abuse of the minor victim, the defendant appealed, claiming, inter alia, that the state lacked good cause to amend the information during the trial. The defendant was alleged to have sexually assaulted the victim when the defendant lived in the same condominium complex as the victim's family. The long form information alleged that the incidents occurred during either 2010 or 2011, which was when the victim was in the fifth grade. During trial, however, the victim testified that the incidents had taken place when she was in the third grade, which would have been either in 2008 or 2009. Thereafter, the defendant filed a motion for a judgment of acquittal on the ground that the alleged offenses could not have occurred during the time frame provided in the state's information, as he had moved out of the condominium complex in 2010. Subsequently, the state filed a motion to amend its information to conform to the victim's testimony to allege that the offenses occurred in either 2008 or 2009. The court denied the defendant's motion for a judgment of acquittal and granted the state's motion to amend. On the defendant's appeal, *held*:

1. The trial court did not abuse its discretion in permitting the state to amend its information to conform to the victim's testimony as to when the offenses alleged in the information had occurred; this court, having recognized that prosecuting child sexual assault cases presents a unique set of challenges, has permitted amendments during trial where testimony suggested that the offenses occurred outside the time frame alleged in the operative information, and in light of the victim's age and the length of time between when the offenses allegedly occurred and when the prosecution of this matter took place, and the rationale that has guided this court's precedent with respect to this issue, the state had good cause to amend its information during trial, as the victim's statements to investigators prior to the commencement of trial indicated a less specific time frame than the one she ultimately identified in her testimony, and there was no indication that had the state been more diligent in its pretrial investigation, it could have alleged a more precise time frame before trial.

2. The defendant's claim that the court erred in concluding that his substantive rights were not prejudiced by the state's amendment to its information was unavailing: although the defendant contended that his entire defense was predicated on claiming that he did not live in the condominium complex at the time alleged in the information, given the nature of the allegations and the information available to him, the state's amendment did not deprive him of adequate notice, nor was he prejudiced by the amendment, as he clearly was aware of the time frame that was at issue regardless of the dates that were provided in the information prior to trial; moreover, the trial court did not abuse its discretion in deciding that a one week continuance was sufficient time for the defendant to augment his defense in response to the amended information, as the court, without addressing whether the defendant had been prejudiced by the amendment to the information, indicated that it was willing to allow the defendant as much time as he needed to reconfigure his defense, the defendant did not provide any substantive basis for his request for a five week continuance apart from a general need to investigate and ascertain his whereabouts during the new time frame, and following the court's decision to grant the defendant only a one week continuance, the defendant informed the court he was willing to accept a three day continuance.

Argued October 23, 2018—officially released January 29, 2019

*Procedural History*

Substitute information charging the defendant with two counts each of the crimes of sexual assault in the first degree and sexual assault in the fourth degree, and with three counts of the crime of risk of injury to a child, brought to the Superior Court in the judicial district of Waterbury and tried to the jury before *K. Murphy, J.*; thereafter, the court granted the state's motion to amend its information and denied the defendant's motion for judgment of acquittal; verdict and judgment of guilty, from which the defendant appealed. *Affirmed.*

*James P. Sexton*, assigned counsel, with whom were *Megan L. Wade*, assigned counsel, and, on the brief, *Matthew C. Eagan*, assigned counsel, and *Marina L. Green*, assigned counsel, for the appellant (defendant).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Amy Sendensky*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Bernard J. Peluso, appeals from the judgment of conviction, rendered after a jury trial, on two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), two counts of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A), and three counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). On appeal, the defendant claims that the trial court improperly granted the state's motion to amend its information.[1] Specifically, he argues that the state lacked good cause to amend its information during trial and, alternatively, that the court improperly concluded that his substantive rights would not be prejudiced by the amendment. We disagree and, thus, affirm the judgment of conviction.

The jury reasonably could have found the following facts in support of its verdict. In 2008 and 2009, when the victim, S,[2] was in the third grade, she lived in a condominium complex with her mother, her older sister, L, and her older brother. During this time, the defendant lived in the same condominium complex and, approximately three to five times a week, S and L would spend time with him after school. The defendant was "like an uncle" to the girls, and he called them "his nieces." Although the defendant had a girlfriend who lived with him, she typically was not home when the girls came over. At some point, while S was still in the third grade, the defendant began to make suggestive comments to her. Soon thereafter, the defendant began sexually assaulting S.

The state charged the defendant in connection with three separate incidents.[3] The first incident of sexual assault occurred when the defendant and S were alone watching a movie on the couch in the defendant's living room. The defendant put his hands down the S's pants, touched her vagina and digitally penetrated her. After he touched her, the defendant kissed her neck and made her place her hands on his jeans, over his penis. Following the incident, and before she went home, the defendant told S not to tell his girlfriend.

The second incident occurred when S came over to the defendant's house while he was shaving. The defendant told S to come into the bathroom. When S came into the bathroom, she noticed that the defendant was wearing only a towel, which was wrapped around his waist. While S was in the bathroom with him, the defendant went over to the toilet and urinated. While he was doing so, he told S to touch his penis, which she did. Later that same day, S went and used the defendant's bathroom. While she was in the bathroom, the defendant opened the door and stared at her.

Finally, the third incident occurred when, on another occasion, the defendant took S upstairs to his computer

room. He made S lie on the floor while he performed cunnilingus on her. As with the prior incident on the couch, the defendant told S not to tell his girlfriend.

At some point after S had finished third grade, the defendant and his girlfriend moved out of the condominium complex. Occasionally, S would still see the defendant, most often when her grandmother would take her out to eat at the restaurant that he owned. As she got older, S saw the defendant less and less frequently. The last time she encountered him was when she was in the ninth grade. S was walking home from her bus stop with a friend, when the defendant pulled up alongside the two girls in his pickup truck. The defendant talked to S briefly before writing down his phone number and giving it to her. He told S to call him sometime.

In January, 2015, S told a friend about the sexual abuse she had experienced as a child. The next day, the friend notified a guidance counselor, and, in accordance with her obligations as a mandated reporter,[4] the guidance counselor informed the police. Later that day, detectives interviewed S about the allegations. S provided the police with a written statement, in which she detailed the incidents that had occurred while she was in elementary school. In her statement, S indicated that the incidents had occurred when she was in the fifth grade.

Soon thereafter, the defendant was arrested and charged. The long form information, dated April 19, 2016, alleged that the incidents had occurred during either 2010 or 2011. During trial, however, S testified that the incidents had taken place when she was in the third grade, which would have been in either 2008 or 2009. The following day, the defendant filed a motion for a judgment of acquittal, and the state filed a motion to amend its information to allege that the offenses had occurred in either 2008 or 2009. The court granted the state's motion to amend and denied the defendant's motion for judgment of acquittal. The jury subsequently found the defendant guilty on all seven counts. The court rendered judgment accordingly and sentenced the defendant to a total effective sentence of twenty-two years of incarceration, execution suspended after twelve years, followed by fifteen years of probation. This appeal followed.

With respect to the defendant's only operative claim on appeal, we begin by noting that a trial court's decision to permit the state to amend its information is reviewed for an abuse of discretion. *State* v. *Grant*, 83 Conn. App. 90, 96–97, 848 A.2d 549, cert. denied, 270 Conn. 913, 853 A.2d 529 (2004). We acknowledge, however, that although "a prosecutor has broad authority to amend an information under Practice Book § [36-17]" prior to the commencement of the trial, "[o]nce the trial has started . . . the prosecutor is constrained by the provisions of Practice Book § [36-18]. . . . Prac-

tice Book § 36-18 provides in relevant part: After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. . . . It is well settled that the state bears the burden of demonstrating that it has complied with the requirements of § 36-18 in seeking permission to amend the information." (Citations omitted; internal quotation marks omitted.) *State* v. *Ayala*, 324 Conn. 571, 585, 153 A.3d 588 (2017).

The following additional facts and procedural history are relevant to the defendant's claim. The day after S testified, the defendant filed a motion for a judgment of acquittal on the grounds that the alleged offenses could not have occurred during the time frame provided in the state's information. In response to the defendant's motion, the state filed a motion to amend its information to conform to the victim's testimony. The defendant objected to the motion to amend, arguing that the state lacked good cause to do so because S had consulted with prosecutors at least two weeks prior to trial and, during this meeting, it was determined that the incidents could not have occurred in 2010 or 2011.[5] Thus, it was the defendant's position that the state had no justifiable reason for failing to amend its information before the commencement of trial. Alternatively, the defendant argued that he would be prejudiced by the late amendment insofar as his defense was predicated largely on the fact that he did not live in the condominium complex when the incidents were alleged to have occurred.

The state claimed that, although prosecutors had spoken with S prior to trial about the issue with the time frame provided in her police statement, S maintained during this meeting that the incidents had occurred when she was in the fifth grade or earlier. The state averred that it did not know precisely when the incidents had taken place until S testified at trial. Moreover, the state argued that the defendant's claim of prejudice was without merit because he knew that the charged offenses were alleged to have occurred when he was living in the condominium complex, which would have been before 2010.[6]

Mindful that it is often difficult for prosecutors to delineate specific time frames in cases involving allegations of sexual assault against minor victims, the court granted the state's motion to amend its information. In so doing, the court offered to grant the defendant a continuance in order to prepare his defense in light of the newly amended information. After a brief recess, the following colloquy occurred:

"[Defense Counsel]: We're going to need a continuance, Your Honor.

"The Court: Okay, and how long do you need?

"[Defense Counsel]: We're going to need at least five weeks.

"The Court: Why?

"[Defense Counsel]: He's got a number of employers. We have to hire an investigator.

"The Court: To do what? No. No. No. Be specific here. . . . We're not taking a five week continuance unless—if you need a five week continuance, you'll get it. You need to tell me what it is in your defense not what his employer needs.

* * *

"[Defense Counsel]: We need to track his whereabouts now from the time this girl was eight years old 'til the time—

"The Court: You don't need to track his whereabouts.

* * *

"So, what is it you need to do during this continuance period? Be as specific as possible.

"[Defense Counsel]: Your Honor, we need to investigate.

"The Court: Don't just say investigate. You need to be more specific so I can evaluate [the] timeframe that you need. You said you need to do some records checking.

"[Defense Counsel]: Yes, Your Honor.

"The Court: Okay. I will give you a week continuance and if that's your request, you can subpoena in any witness that you feel you need to examine as well as anyone that's already been called you could examine again.

"[Defense Counsel]: Thank you."

On appeal, the defendant claims that the court abused its discretion in concluding (1) that the state had good cause to seek an amendment to its information during trial and (2) that the defendant, having been granted a one week continuance, was not prejudiced by the amendment. We do not agree.

Pursuant to Practice Book § 36-18, "[g]ood cause . . . assumes some circumstance that the state could not have reasonably anticipated or safeguarded against before trial commenced." *State* v. *Ayala*, supra, 324 Conn. 585–86. "To meet its burden of showing good cause to amend an information pursuant to the rules of practice, the state must provide more than a bare assertion that it is merely conforming the charge to the evidence." *State* v. *Jordan*, 132 Conn. App. 817, 825, 33 A.3d 307, cert. denied, 304 Conn. 909, 39 A.3d 1119 (2012). This court has recognized, however, that prose-

cuting child sexual assault cases presents a unique set of challenges, and, thus, we have permitted amendments during trial where testimony suggests that the offenses occurred outside the time frame alleged in the operative information. See, e.g., *State* v. *Victor C.*, 145 Conn. App. 54, 66, 75 A.3d 48 (good cause for amendment where victim could not remember specific date incidents occurred and other witness' testimony was inconsistent with time frame in the original information), cert. denied, 310 Conn. 933, 78 A.3d 859 (2013); *State* v. *Grant*, 83 Conn. App. 90, 95–98, 848 A.2d 549 (affirming trial court's decision that in light of victim's age there was good cause to amend information to conform to victim's testimony), cert. denied, 270 Conn. 913, 853 A.2d 529 (2004).

Cognizant of the rationale that has guided our precedent with respect to this issue, and in light of the victim's age and the length of time between when the offenses allegedly occurred and when the prosecution of this matter took place, we conclude that the state had good cause to amend its information during trial. As in *State* v. *Grant*, supra, 83 Conn. App. 93–94, S's statements to investigators prior to the commencement of trial indicated a less specific time frame than the one she ultimately identified in her testimony. Further, there is no indication that had the state been more diligent in its pretrial investigation it could have alleged a more precise time frame before trial. See *State* v. *Wilson F.*, 77 Conn. App. 405, 413, 823 A.2d 406, cert. denied, 265 Conn. 905, 831 A.2d 254 (2003). Simply stated, the court did not abuse its discretion in permitting the state to amend its information to conform to the victim's testimony as to when the offenses alleged in the information had occurred.

The defendant also claims that the court erred in concluding that his substantive rights were not prejudiced by the state's amendment. "In the prejudice analysis, the decisive question is whether the defendant was informed of the charges with sufficient precision to be able to prepare an adequate defense. . . . If the defendant has not asserted an alibi defense and time is not an element of the crime, then there is no prejudice when the state amends the information to amplify or to correct the time of the commission of the offense. . . . Ultimately, if the amendment has no effect on the defendant's asserted defense, there is no prejudice." (Citations omitted; internal quotation marks omitted.) *State* v. *Enrique F.*, 146 Conn. App. 820, 826, 79 A.3d 140 (2013), cert. denied, 311 Conn. 903, 83 A.3d 350 (2014).

Here, the defendant did not assert an alibi defense and, although he contends that his entire defense was predicated on claiming he did not live in the condominium complex at the time alleged in the information, we conclude that on the basis of the nature of the allegations and the information available to him, the state's

amendment did not deprive the defendant of adequate notice. As the state argued in its brief, the victim's statement to the police indicated that the offenses had occurred while she was spending time with the defendant when he was living in the condominium complex. Further, the defendant acknowledged prior to trial that some aspects of the charged offenses, and the uncharged prior misconduct, had in fact occurred, but disputed the allegations of inappropriate behavior asserted therein.[7] In this regard, we cannot conclude that the defendant was prejudiced by the amendment, given that he clearly was aware of the time frame that was at issue, regardless of the dates that were provided in the information prior to trial.[8] See *State* v. *Victor C.*, supra, 145 Conn. App. 67 (forensic interview report provided to defendant before trial indicated time frame at issue).

In conjunction with this claim, the defendant argues that the court agreed to grant him with a continuance as a means of mitigating the prejudice created by the state's amendment to the information, and that the court erred insofar as it determined that a one week continuance was sufficient.[9] We disagree. The court, without addressing whether the defendant had been prejudiced by the amendment to the information, indicated that it was willing to allow the defendant as much time as he needed to reconfigure his defense. When asked to articulate the reasoning behind his request for a five week continuance, however, the defendant could not provide any substantive basis apart from a general need to "investigate" and ascertain his whereabouts during the new time frame. Further, following the court's decision to grant the defendant only a one week continuance, the defendant informed the court that he was willing to accept a three day continuance instead. Accordingly, to the extent that there is any support in the record for the assertion that the court offered a continuance as a means of addressing the prejudice prong of Practice Book § 36-18, we conclude that the trial court did not abuse its discretion in deciding that a one week continuance was sufficient time for the defendant to augment his defense in response to the amended information.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant also claims on appeal that his sentence is illegal insofar as the court imposed fifteen years of probation for his conviction of multiple counts of sexual assault in the first degree in violation of § 53a-70 (a) (2). He argues, and the state agrees, that a conviction under § 53a-70 (a) (2) is a class A felony and, pursuant to General Statutes § 53a-29 (a) and our Supreme Court's holding in *State* v. *Victor O.*, 301 Conn. 163, 193, 20 A.3d 669, cert. denied, 565 U.S. 1039, 132 S. Ct. 583, 181 L. Ed. 2d 429 (2011), the court may impose only a period of special parole, not probation, for any suspended portion of a sentence imposed for a conviction of a class A felony. At oral argument, the state agreed that this portion of the defendant's sentence was illegal and reported that it had been corrected during the pendency of this appeal. The defendant agreed that this resolution was consistent with the relief he had requested. Accordingly, the issue is moot

and we need not address it in this decision.

[2] In accordance with our policy of protecting the privacy interests of the victims of the crimes of sexual assault and risk of injury to a child, we decline to identify the victim or others through whom the identity of the victim may be ascertained. See General Statutes § 54-86e.

[3] S recalled two other instances that were not part of the charged offenses. The first incident occurred when S was in the defendant's computer room and found a pornographic magazine in a desk drawer. The defendant came into the room and made her look at the magazine with him. While they were looking at the magazine, the defendant described the sexual acts that were depicted. The second incident took place when S was in the kitchen with the defendant; he picked her up, put her on a table and kissed her neck several times. After this evidence was introduced, the court gave a limiting instruction to the jury that these two instances of prior misconduct were not alone sufficient to convict the defendant of the offenses charged in the information.

[4] See General Statutes § 17a-101b.

[5] On cross-examination, S testified that when she met with prosecutors prior to trial, they informed her that the defendant did not live in the condominium complex when she was in fifth grade.

[6] Specifically, the state noted that in her police statement and testimony at trial, S provided details that clearly indicated the offenses occurred when the defendant was living in the condominium complex. "She talks about his couches, his pornography magazine, his desks, his bed when he clearly is living there. . . . She talked about how they cooked, how they watched TV. So this is not an undue surprise to the defendant."

[7] For example, the state introduced into evidence a telephone call from prison between the defendant and his girlfriend. During the call, the defendant and his girlfriend discussed an incident that occurred when S came over while he was in the bathroom.

"[The Defendant's Girlfriend]: Do you remember talking to me one time that they came in and caught you in the shower.

"[The Defendant]: Yup.

"[The Defendant's Girlfriend]: You came out with a towel on and that kind of got twisted out of shape.

"[The Defendant]: Yeah. I know—"

The defendant also testified that he recalled an incident in which he found S and L looking at a Playboy magazine that he owned. He testified that he admonished the girls for looking at it.

[8] Additionally, when the defendant testified at trial, he admitted that he knew that S was alleging he sexually assaulted her when he was living in the condominium complex.

[9] The defendant also argues that the court improperly placed the burden on him to justify the need for a five week continuance. The defendant contends that in cases where the state seeks to amend the information during trial, the defendant should be entitled to a continuance of a "presumptively reasonable" length and "the state should retain the burden . . . for rebutting that presumptive period if it seeks a shorter continuance." We decline to adopt this approach. In our view, it would be an unworkable constraint on the inherent discretion of the trial court to establish a "presumptively reasonable" continuance period that would not account for the unique factual and procedural circumstances that may arise in a given case. Rather, it is the proponent's burden to prove the need for and the length of the requested continuance, and the court's decision is subject to an abuse of discretion standard of review by this court. See, e.g., *Kennedy* v. *Kennedy*, 83 Conn. App. 106, 109–110, 847 A.2d 1104 ("A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of discretion. . . . The burden of proof is upon the party claiming an abuse of discretion. . . . Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." [Internal quotation marks omitted.]), cert. denied, 270 Conn. 915, 853 A.2 530 (2004); see also *West Haven Lumber Co.* v. *Sentry Construction Corp.*, 117 Conn. App. 465, 472, 979 A.2d 591 (defendant did not meet burden of proof in showing that court's denial of motion for a continuance was unreasonable or arbitrary decision), cert. denied, 294 Conn. 919, 984 A.2d 70 (2009); *O'Connell* v. *O'Connell*, 101 Conn. App. 516, 525–27, 922 A.2d 293 (2007).